## DAVIDSON ET AL. *v.* KING ET AL.

INSOLVENT DEBTOR.—*Assignment.*—*Mortgage.*—An instrument not sufficient under the statute as an assignment for the benefit of creditors may be good as a mortgage of personal property.

COMPLAINT.—*Prayer of.*—Although a plaintiff may not be entitled to the specific relief demanded, the court will give such relief under the general prayer as the facts alleged show him entitled to.

DEMURRER.— *Joint.*—A joint demurrer to several paragraphs of a pleading must be overruled if either paragraph be good.

From the Fountain Common Pleas.

*T. J. Davidson* and *L. Nebeker*, for appellants.

PETTIT, J.—This suit was brought by James W. King and William C. Ward, trustees of Joseph W. Newlin, deceased, against the Wabash Coal and Iron Mining Company and David Rawles, administrator of the estate of Joseph W. Newlin, deceased, and the following is the complaint:

"The plaintiffs, James W. King and William C. Ward, trustees of Joseph W. Newlin, deceased, complain of the Wabash Coal and Iron Mining Company, a corporation duly organized under the laws of the State of Indiana, and David Rawles, administrator of the estate of Joseph W. Newlin, and say :

"That the said Newlin, in his lifetime, was the owner of a one-twelfth interest in the capital stock of said company, and that said stock is of the value of two thousand dollars, and that on the 24th day of November, 1868, said Newlin, by his instrument in writing duly acknowledged and recorded, assigned, among other things, his interest in said capital stock to these plaintiffs, as trustees ; and that said instrument reads as follows, to wit:

"'Inasmuch as I am indebted to James W. King some sixteen or seventeen hundred dollars, evidenced by two promissory notes, and inasmuch as the said James W. King, William C. Ward, and Samuel Carter are liable for me as sureties on a note to John Purdue for about twenty-two hundred dollars; now, therefore, to secure the said James W. King the money so due him, as well as to secure my said sureties, I hereby mortgage and warrant to the said James W. King, William C. Ward, and Samuel Carter all my interest in the drug store at Attica, known as the J. O. Reid drug store, and also all my interest in the drug store at Covington, conducted in the name of Newlin & Ward; and I also mortgage and warrant to the same all my interest in the Wabash Coal and Iron Mining Company, and by this instrument I also assign and transfer to said James W. King, Ward, and Carter all my interest in a certain judgment in the Fountain Circuit Court, rendered in favor of myself and Ezekiel M. McDonald against Henry J. Lyons and others; and I hereby authorize and empower the said James W. King and William C. Ward, in the event of the said debts not being paid by me, to sell and dispose of said property, and to pay and discharge the above named liabilities, and account to me for the surplus; that they dispose of the same either at public or private sale, in such manner, and on such terms as shall be most conducive to my best interests. Nov. 24th, 1868.'

"And by the instrument above set forth, said Newlin gave these plaintiffs, as trustees, power to sell and dispose of the same, to pay and satisfy certain indebtedness due from him, the said Newlin, to James W. King and John Purdue. And plaintiffs say there is now due the said James W. King the sum of two thousand and eighty-eight dollars and eight cents, and that there is now due the said Purdue the sum of twenty-nine hundred and thirty-three dollars and thirty-three cents, and that the estate of said Newlin is partially insolvent. And plaintiffs say that the value of the said interest of said Newlin in said stock, as nearly as can be estimated, is two thousand dollars. And plaintiffs say they have

demanded of said Wabash Coal and Iron Mining Company the transfer of said stock to them upon the company's books,. as trustees, for the purpose as expressed in the instrument as above set forth, and that said stock be issued to them ; and said company have refused to transfer the same, or issue to them said stock. And plaintiffs therefore ask a decree of specific performance compelling said company to transfer said stock to these plaintiffs, or in default thereof that a commissioner be appointed by the court to make such transfer, and that by order of this court they may, when such stock is issued to them, be authorized, as such trustees, to sell and dispose of the same, and pay said indebtedness upon such terms, and in such manner, as the court may deem right and proper. And plaintiffs further say that the defendant David Rawles, administrator of said Newlin, sets up a pretended claim to said stock, and threatens to sell and dispose of the same, and they therefore ask that he may be enjoined and restrained from interfering with the same, or disposing of it, until a final hearing of this cause, and that then he may, by order of the court, be perpetually enjoined from exercising or interfering with the same, and for all other proper relief."

Thomas F. Davidson and six others, creditors of Newlin, on their application, were admitted parties defendants, and stayed in the case until the end, and final judgment was rendered against all the defendants. Davidson only has appealed, but he has given notice to his co-defendants, as required by sec. 551, p. 270, 2 G. & H., all of whom have appeared and refused to join in the appeal, and their names, on motion of Davidson, are stricken out.

A demurrer by all the defendants, for want of sufficient facts, was filed to the complaint, and overruled. Exception was·properly taken, and this ruling is assigned for error.

The plaintiffs treated the instrument, on which the suit was brought, in the court below, as an assignment or deed of trust, for the payment of creditors of an insolvent man, or of one in failing circumstances, and themselves as trustees of Newlin and the property for that purpose. It can not be·

*Davidson et al. v. King et al.*

treated or held as such, for it fails in almost all the essential requirements of our statute authorizing assignments for the benefit of creditors. 1 G. & H. 114, *et seq.* Can it be treated and held to be a mortgage of personal property? It was acknowledged and recorded in time, as required by our statute, 1 G. & H. 352, sec. 10, and we can see no reason why it was not a mortgage of personal property; and although the complaint treats it as an assignment in trust, and the plaintiffs as trustees, and asks for specific relief, yet it asks "for all other proper relief."

We hold that the complaint was good, as a complaint to foreclose a chattel mortgage, and that the demurrer to it was properly overruled.

The defendants answered in three paragraphs:

1. General denial.

2. Weakness and incompetency of mind of Newlin to make the assignment of the property described in the article sued on.

3. Former adjudication of the same subject-matter in dispute between the same parties

The plaintiffs demurred jointly to the second and third paragraphs of the answer. The court overruled the demurrer to the second paragraph of the answer, and sustained it to the third paragraph of the answer. This was error. When there is a joint demurrer to two or more paragraphs of an answer, if one paragraph is good, the demurrer should be overruled. But we hold that the third paragraph of the answer, which sets up a former adjudication of the same matter in controversy, is good.

The judgment is reversed, at the costs of the appellees, with instructions to overrule the demurrer to the second and third paragraphs of the answer.